Kyle *v.* Ewing.

---

W. C. KYLE *et al. v.* ROBERT EWING, Trustee, etc.

1. BANK OF TENNESSEE. *Suit in name of trustee. Bank not a necessary party. When.* In an action brought in the name of the "Bank of Tennessee for the use of R. Ewing, trustee and receiver," on a note executed to S. Watson, trustee of said bank, the defense was, that the bank as a corporation had ceased to exist when the action was brought. *Held,* that the bank was not the *real* plaintiff, or even a necessary *nominal* plaintiff, and the defense was not available.

2. SAME. *Creditors of the Bank.* That the act of 24th March, 1875 (Acts of 1875, ch. 100), is not effectual to release creditors of the Bank of Tennessee therein specified.

---

FROM KNOX.

---

Appeal in error from the Circuit Court of Knox county. D. K. YOUNG, J., by interchange.

J. T. & J. K. SHIELDS, W. M. BAXTER and F. M. FULKERSON for Kyle.

H. H. TAYLOR for Ewing.

MCFARLAND, J., delivered the opinion of the court.

This action was brought upon a note made by Kyle and others on the 6th of May, 1870, payable to S. Watson, trustee of the Bank of Tennessee, for $8,000, in the notes of the bank "old issue." There was judgment for the plaintiffs, and the defendants have prosecuted a writ of error. The action was.

Kyle *v.* Ewing.

brought in the name of "The Bank of Tennessee, for the use of Robert Ewing, acting trustee and receiver of said bank." The declaration avers that S. Watson, the trustee and payee of said note, had died, and that Robert Ewing was, on the 22d of November, 1876, appointed, by a decree of the chancery court at Nashville, receiver of said bank.

The action was commenced on the 15th of February, 1877. The defendants pleaded in abatement "that the charter of the Bank of Tennessee expired by limitation on the 1st of January, 1868, and the corporation was thereby dissolved, and the action was not brought within five years thereafter in accordance with sec. 1493 of the Code." The plea was held bad upon demurrer. Subsequently the defendants filed a demurrer to the declaration, in which they assign as one cause that the charter of the bank expired on the 1st of January, 1868, and there was no such corporation in existence at the time the note was made, or at any time since, and consequently no such corporation in existence when the action was brought. On argument, the demurrer was overruled.

The first error assigned is the action of the court upon the question made by the plea in abatement and demurrer.

By the provisions of sec. 1493 of the Code, the Bank of Tennessee continued to exist for five years from the expiration of the charter, for the purpose of prosecuting and defending suits, settling its business, disposing of its property and dividing its capital stock, but not for the purpose of continuing the corporate

business; at least this is a general provision, and we see no good reason why it should not be held to apply to the Bank of Tennessee as well as to any other strictly private corporation. But it not being averred that the corporate existence of the bank was extended beyond the five years under the provisions of section 1496 of the Code, it must be conceded that the bank ceased to exist as a corporation at the end of five years from the 1st of January, 1868; and if the bank be regarded as the real plaintiff in the action, then the question made must be fatal to the case.

The dissolution of a corporation does not prevent a court of equity from collecting and administering its assets; but the rule, that at law no action can be maintained by or against a corporation after it has ceased to exist, except upon express legislative authority, has never been changed in this State. *White* v. *Campbell,* 5 Hum., 38; *Hopkins* v. *Whiteside,* 3 Head, 32; *State and Watson, Trustee,* v. *Bank of Tennessee,* 5 Baxt., 101.

This, however, is an action upon a contract, with Watson trustee, of date 6th of May, 1870, and it is difficult to see why an action could not have been maintained in his name alone in his lifetime, or in the name of his representative or successor after his death, without the use of the corporate name of the bank. The note was not payable to the bank, or to the president and directors of the bank, nor was the corporation a party to the contract. We may, for this argument, assume that Watson as trustee, under an assignment previously made, was owner, as trustee,

of the assets of the bank, his title vested before the dissolution of the corporation, and to collect the assets thus assigned to him, he could maintain the necessary actions at law.    Upon negotiable paper payable to the bank he might doubtless maintain an action in his own name as assignee or endorsee.    If the nature of the contract was such as to require the action to be brought in the name of the bank for his use, the dissolution of the corporation—the nominal plaintiff— after action brought, would not abate the action, for, by the express provisions of our statute, when an action is brought in the name of one person for the use of another, the person for whose use the suit is brought is the real plaintiff, and on the death of the nominal plaintiff the suit may be prosecuted without revivor as if death had not happened.    Code, secs. 2795, 3200, 2858.    And there can be no good reason why the same rule should not apply where the nominal plaintiff is a corporation and becomes defunct pending the action.

It is true, that in this case it is averred that the bank had ceased to exist before the action was brought, but even then the unnecessary use of the name of the defunct corporation as nominal plaintiff might well be rejected as surplusage.    *Enly* v. *Nowlin*, 1 Baxt., 163; see, also, *Ingraham* v. *Terry*, 11 Hum., 572.    But, as already intimated, this action is upon a note payable, not to the bank, but to Watson, trustee, and, as we have said, why an action may not have been maintained in his name, or that of his representative or successor, to enforce contracts made with him, with-

out in any way using the name of the bank, it is difficult to see. So, then, as the plaintiff has unnecessarily used as nominal plaintiff the name of the corporation, shall the fact that the corporation had then ceased to exist abate the act? Ewing was real plaintiff, he alone was liable for costs, and the action could well be maintained in his name alone. The unnecessary use of the name of the bank might have been stricken out upon motion without affecting the case. We think the error, if one, is too much of mere form to authorize a reversal.

2d. The defendants pleaded the provisions of an act of the Legislature of the 24th of March, 1875. The substance of this act is, that on all notes or other evidences of debt in the hands of Samuel Watson, trustee, the original consideration whereof was money loaned by said bank to be used in the construction of any railroad, and the railroad has been sold for the State's lien, and no fund realized to pay the note, the State releases all claim it may have to a *pro rata* payment of said note in favor of the makers thereof, and Watson and his successor in office are directed to take no steps to collect any interest the State may have in said debts.

It is averred that the original consideration was money loaned in aid of a railroad, that the road has been sold and no funds realized, but it is not averred that the State is entitled to any part of said note, and we may almost judicially know it is not. Manifestly, the Legislature has no power to release debts due to the trustee which, under the trust, it is his

duty to collect and appropriate to payment of the creditors of the bank.

There is no reversible error in the record, and the judgment will be affirmed.